UNITED STATES of America, Plaintiff

v.

Félix ACOSTA–HERNÁNDEZ, Defendant.

Criminal No. 11–180M (JA).

United States District Court, D. Puerto Rico.

March 3, 2011.

Rosaida J. Melendez–Rivera, United States Department of Justice, U.S. Attorneys Office, Hato Rey, PR, for Plaintiff.

Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

### ORDER OF DETENTION PENDING TRIAL

JUSTO ARENAS, United States Chief Magistrate Judge.

The defendant Félix Acosta–Hernández is charged in a complaint dated February 26, 2011 with, having been convicted of a crime punishable by imprisonment for a term exceeding one year, then (on February 24, 2011) did knowingly and intentionally carry a firearm, a GLOCK, model 23, .40 caliber pistol serial number DAX722US loaded with a 28–round capacity magazine and three fully loaded magazines with a total of 56 rounds of .40 caliber ammunition, said firearm having been shipped and transported in interstate or foreign commerce, in violation of 18 U.S.C. § 922(g)(1),

and (*o*) (possession of a machine gun.); see 26 U.S.C. § 5845.

Under 18 U.S.C. § 3141 *et seq.*, upon the appearance of a judicial officer of a person charged with an offense, the judicial officer is required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia,* flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e).

The detention hearing was held today. After a proffer from the government, I made a finding of probable cause. In specific instances, delineated in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. A violation of 18 U.S.C. § 922(g)(1), however, does not trigger such a presumption. *See* 18 U.S.C. § 3142(e)(1)(3). Nevertheless, I believe that there is a serious risk that the defendant will flee. *See* 18 U.S.C. § 3142(f)(2)(A). I explain.

■ Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. Pursuant to the provisions of 18 U.S.C. § 3142(g), a court considering the risks involved in release considers the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. *See United States v. Acevedo–Ramos,* 600 F.Supp. 501, 504 (D.P.R.1984). During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains "[t]he burden of persuading the court that 'no condition or combination of conditions will reasonably assure' defendant's presence at trial...." *United States v. Perez–Franco,* 839 F.2d 867, 870 (1st Cir.1988) (quoting *United States v. Palmer–Contreras,* 835 F.2d 15, 17–18 (1st Cir.1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. *See United States v. Patriarca,* 948 F.2d 789, 792–93 (1st Cir.1991). Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

■ The possession of a machine gun by a convicted felon carries with it a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). When arrested, the defendant was also in possession of a bulletproof vest, a face mask, and 100 rounds of ammunition. He has been unemployed for four years prior to arrest. He has no assets and no liabilities. When arrested, he had $1,300 in his possession. He has previously been convicted of violations of Puerto Rico Controlled Substances Law. It is for these reasons that I consider him a risk of flight and would consider him a danger to the community based on the Schwarzenegger-like scenario he presented to arresting agents.

I adopt by reference the information and recommendation of the pretrial report of the United States Probation Office. Admittedly, the nature and circumstances of

the offense, ethereal family ties, non-existing financial ties, and possible penalty upon conviction weigh substantially in this decision. *See* 18 U.S.C. § 3142(g)(1).

Defendant FÉLIX ACOSTA–HERNÁNDEZ is detained pending trial.

It is ORDERED that FÉLIX ACOSTA–HERNÁNDEZ be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant FÉLIX ACOSTA–HERNÁNDEZ be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.